UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE D. STITH,

      Plaintiff,

v.                                                      CASE No. 8:07-CV-2193-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits.[1]  Because the decision of the

Commissioner of Social Security is supported by substantial evidence and

does not contain reversible error, I recommend that it be affirmed.

I.

      The plaintiff, who was forty-eight years old at the time of the

administrative hearing and who has a high school education, has worked as a

freight manager and a dairy farm laborer (Tr. 56, 64, 68, 74).  She filed a claim

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

for Social Security disability benefits, alleging that she became disabled due to neck, back, arm, and leg pain from a car accident (Tr. 63). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of degenerative disc disease (Tr. 14). On the other hand, he concluded that her depression did not cause more than minimal limitation in her ability to perform basic work activities and is, therefore, not a severe impairment (id.). The law judge determined that the plaintiff's physical impairment limited the plaintiff to light work with a sit/stand option (Tr. 16). This limitation precluded the plaintiff from returning to prior work (Tr. 21). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff would be able to perform work that exists in significant numbers in the national economy, such as recreation aide, and addressor in a mailing room (id.). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

-3-

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on eight grounds. None of the contentions warrants reversal.

A. The plaintiff argues that the law judge erred in evaluating the plaintiff's subjective complaints (Doc. 15, pp. 4-6). This contention is unpersuasive.

The plaintiff testified at the hearing that she can only stand for about five or ten minutes at a time before she experiences sharp pain "that goes down" her back and legs (Tr. 380). The plaintiff stated further that she can sit for about thirty minutes before she has to get up and walk around (id.). She testified that, if she attempted to do an activity for ten or fifteen minutes, she would have to rest about two hours before resuming the activity (Tr. 381-82). Additionally, the plaintiff testified that it hurts to lift a gallon of milk and that she naps daily (Tr. 378, 382).

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1)

objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987).

The law judge recognized the need to articulate a credibility determination and referred to the pertinent regulation and Social Security rulings (Tr. 16). This demonstrates that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The plaintiff complains that the law judge did not "examine the intensity, persistence or limiting effects of the Claimant's pain ... [or] point out any conflicts/inconsistencies in the record" (Doc. 15, p. 6). However, the law

judge discussed at length the plaintiff's complaints of debilitating pain and set

forth reasons for discounting the plaintiff's subjective allegations (Tr. 18).

Notably, the law judge did not totally reject the plaintiff's subjective

complaints, but rather concluded that the plaintiff was restricted to a range of

light work (Tr. 16). He only discounted the plaintiff's assertion that she was

totally disabled due to pain and other subjective complaints. In this regard,

the law judge stated (Tr. 18-19):

> [T]he undersigned finds that the claimant's
> medically determinable impairments could
> reasonably be expected to produce the alleged
> symptoms, but that the claimant's statements
> concerning the intensity, persistence and limiting
> effects of these symptoms are not entirely credible.
> Specifically, at least two physicians noted that the
> claimant did not appear to put forth maximal effort
> during their evaluations. Likewise, objective and
> clinical findings and the level of care do not fully
> support the extreme level of pain and functional
> restrictions alleged. Of note, a cervical MRI in
> August 2002 revealed a small, central disc
> herniation at C3-4, causing no significant problems.
> There also was a broad based C5-6 bulge, on the
> left, when the claimant's symptoms were primarily
> on the right. A lumbar MRI from that time showed
> a very small and probably residual disc at L5-S1 on
> the right side, which seemed dramatically improved
> from what was present previously and which would
> be contrary to the allegations of such significant

decline in her overall functional status. It is also interesting to note that the claimant['s] subjective complaints during some evaluations appear exaggerated. Specifically, during the evaluation in April 2005, the claimant appeared to be tender wherever she was touched in the neck, along the paraspinous muscles in the mid thoracic area, and almost everywhere from the paraspinous muscles to the sacroiliac joints. Sensation was purportedly diminished to pain in any dermatome tested in the right upper and lower extremities. These findings far exceed what reasonably would be expected given the objective radiological findings. It is also notable that, despite the extreme pain and functional limitations allegedly suffered by the claimant, she relies primarily on treatment from her chiropractor for pain management. The record does not show that the claimant has been referred for further testing, including additional MRIs or an EMG study. She also has not pursued treatment with a pain management specialist. The undersigned finds that the claimant's alleged symptoms and functional limitations far exceed what is reasonably supported by the medical evidence of record. Therefore, her statements have been afforded little weight.

This is an adequate explanation for the law judge's credibility determination.

Thus, the law judge could reasonably find that the objective medical evidence

did not show a totally incapacitating condition. Moreover, he could

reasonably conclude that the plaintiff's allegations of debilitating pain are

contradicted by her failure to seek treatment from a pain management

specialist, as well as from an orthopedist or neurologist. Further, as the law judge noted (Tr. 17, 18), the medical record reflects comments from doctors that she was not cooperating during examinations and was not correctly reporting her symptoms (Tr. 145, 188).

In sum, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination. It has long been the law that this court is not authorized to second guess that determination. See Celebrezze v. O'Brient, supra. Moreover, the principle that, under the substantial evidence test, findings of fact may be reversed only when the record compels a reversal applies to credibility determinations. See Adefemi v. Ashcroft, supra. The evidence clearly does not compel a finding that the plaintiff was completely credible. Therefore, the plaintiff's argument that the law judge improperly rejected her subjective complaints of pain is unmeritorious.

B. The plaintiff, second, challenges the law judge's finding that the plaintiff's mental impairment was nonsevere (see Doc. 15, pp. 6-9). The law judge found that the plaintiff's mental impairment was a slight abnormality which had such a minimal effect that it would not be expected to

interfere with her ability to work (Tr. 14). This finding demonstrates that the law judge used the proper standard for determining whether an impairment is nonsevere. See Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The plaintiff argues that the law judge relied improperly on the opinion of a state agency consultant rather than the opinion of consulting examiner Dr. Joseph Blitch (Doc. 15, pp. 9-10; Tr. 209-11). Dr. Blitch saw the plaintiff once and diagnosed her with a depressive disorder, NOS (Tr. 211). The state agency consultant, however, opined that the plaintiff's symptoms resulting from her mental impairment were mild (Tr. 230).

In his decision, the law judge noted that the plaintiff had not sought treatment for depression until two weeks prior to Dr. Blitch's examination (Tr. 14-15, 209). Moreover, that treatment, which was provided simply by her primary care physician, was limited to the prescription of "a fairly low dose" of anti-depression medication (id.).[2] The plaintiff has not sought further help for her condition from a mental health provider. In

---

[2]The plaintiff asserts that the law judge "inexplicably omits reference to the fact that she required and received a prescription for anti-depressant medication for her condition" (Doc. 15, p. 8) (emphasis in original). This assertion is obviously incorrect. Not only did the law judge refer to that fact, but he stated the specific medication and the dosage (Tr. 15).

addition, as the law judge noted, the plaintiff's primary care physician reported the plaintiff to respond positively to the anti-depressant (Tr. 15). Also, Dr. Blitch commented that the plaintiff's "mood may show some change in the near future once her antidepressant medication has had time to take effect" (Tr. 211).

The law judge appropriately summarized Dr. Blitch's report as follows (Tr. 15):

> Mental status examination showed the claimant was able to establish and maintain a rapport with the examiner. She was alert and cooperative. She showed a lower than normal amount of movement and seemed to be trying to sit still to minimize discomfort. Speech was logical and coherent, but somewhat low in volume. Her memory, attention, and concentration were within the lower part of normal limits. There was no evidence of perceptual or thought disorder. Emotions were sad with tearfulness, and she seemed serious and apprehensive. Diagnosis was depressive disorder. GAF was assessed at 55.

With the possible exception of the Global Assessment of Functioning ("GAF") score, there is nothing in Dr. Blitch's report that supports a finding of a severe mental impairment. The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a

hypothetical continuum of mental health-illness." <u>Diagnostic and Statistical Manual of Mental Disorders</u>, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 55 reflects "[m]oderate symptoms (*e.g.* flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)" (<u>id</u>.).

A single GAF score does not provide solid evidence of a severe mental impairment. <u>See</u> <u>DeBoard</u> v. <u>Commissioner of Social Security</u>, 2006 WL 3690637, *3, *4 (6th Cir. 2006)(unpub. dec.). Moreover, the score was given at a time when, as indicated, Dr. Blitch thought that the plaintiff's "mood may show some change in the near future once her antidepressant medication has had time to take effect" (Tr. 211). Notably, the Commissioner has declined to endorse the use of GAF scores in disability determinations. <u>Wind</u> v. <u>Barnhart</u>, 2005 WL 1317040, *6 n. 5 (11th Cir. 2005)(unpub. dec.).

Furthermore, Dr. Blitch did not set forth any functional limitations that would reflect a severe mental impairment. Thus, he stated that the plaintiff's concentration (as well as her memory and attention) were essentially within the lower part of normal limits (Tr. 210). He had nothing to say about

-12-

the areas of activities of daily living and social functioning.  Particularly in light of those circumstances, the law judge could reasonably give significant weight to the opinion of the non-examining reviewing psychologist, who, after receiving Dr. Blitch's report, opined that the plaintiff had a nonsevere mental impairment with only mild limitations in the areas of activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace (Tr. 230).

The law judge could therefore reasonably conclude that the plaintiff's depression was a nonsevere impairment.  The single GAF rating of 55 from Dr. Blitch plainly does not compel the conclusion that the plaintiff has a severe mental impairment.

C.   The plaintiff argues, third, that the law judge committed reversible error by giving more weight to, and relying upon, the opinions of non-examining reviewing physicians (Doc. 15, pp. 9-11).

On this point, the plaintiff complains about the law judge giving significant weight to the opinion of a non-examining, reviewing psychologist. For the reasons just stated, the law judge could reasonably do so.

With respect to the opinions rendered by non-examining reviewing physicians concerning the plaintiff's physical limitations, the law judge stated that he gave those opinions significant weight. In these circumstances, that simply means he gave the opinions some weight, as opposed to no weight or limited weight (Tr. 15). He clearly did not give the opinions great, or controlling, weight. Thus, the reviewing doctors opined that the plaintiff could perform medium exertional work (Tr. 191, 213). However, the law judge found that the plaintiff was limited to light work, and needed a sit/stand option besides (Tr. 16). In light of the law judge's failure to go along with the reviewing physicians' opinions, he plainly did not give those opinions undue weight.

Moreover, the law judge reasonably explained his assessment of the other medical opinions in the record. The law judge relied substantially upon the report of Dr. Morris Kutner, a consultative examiner, in discounting the plaintiff's subjective complaints (Tr. 17-18). It was Dr. Kutner's report that called the plaintiff's credibility into question. Thus, Dr. Kutner stated (Tr. 188):

> This claimant claims to have a lot of neck and low
> back pain after she was involved apparently in 2

-14-

> MVA. The physical evidence is [sic] not really
> support any of that and I did not see any
> abnormalities. She appears to [be] doing rather
> well; however, her functional assessment is such
> that she probably would not be able to handle a
> physically or mentally strenuous type of a job.

Dr. Kutner's assessment that the plaintiff would not be able to
handle a physically strenuous type of job is wholly consistent with the law
judge's determination that the plaintiff is limited to light work with a sit/stand
option. Moreover, the absence of any greater functional limitation from Dr.
Kutner provides evidence supporting the law judge's finding.

The plaintiff also underwent a consultative examination by Dr.
Raul Ayala. Dr. Ayala opined greater limitations in some respects than found
by the law judge. The law judge discounted those limitations, stating (Tr. 19):

> On April 20, 2005, Dr. Raul Ayala, a consultative
> examiner, concluded the claimant was not able to
> sustain repetitive movements of her upper and
> lower extremities. However, he noted that her
> ability to walk for any significant distance was
> within normal limits and that she was able to sit,
> stand, and repeatedly carry objects weighing less
> than 20 pounds (Exhibit 10F). This assessment is
> partially supported by the evidence of record.
> However, the undersigned finds that the restriction
> on repetitive use of the upper and lower extremities
> is not fully supported. The undersigned notes that
> the claimant appears to have exaggerated her

-15-

> symptoms during this evaluation.  As noted above,
> she complained of tenderness throughout her neck
> and spine at a level that far exceeded what would
> reasonably be expected given the objective
> radiological findings.

The law judge added that he "acknowledges the significant clinical findings

of Dr. Ayala, but as noted above, it appears that the claimant was not exerting

maximal effort and was exaggerating her symptoms during this evaluation"

(Tr. 20).

        These are adequate reasons for the law judge to discount Dr.

Ayala's opinions to the extent that he did.  Moreover, in none of the plaintiff's

various arguments has she made any meaningful attempt to demonstrate that

the reasons given by the law judge for discounting Dr. Ayala's opinions are

not supported by the evidence in the record.

        The plaintiff also seeks to rely upon an opinion by a treating

physician, Dr. John Rog, that is contained on a form reflecting that the

plaintiff is essentially disabled (Tr. 234-35).   Opinions from treating

physicians are entitled to substantial or considerable weight unless there is

good cause for not giving them such weight.  Phillips v. Barnhart, 357 F.3d

1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's

opinion is not bolstered by the evidence, the evidence supports a contrary

finding, or the opinion is conclusory or inconsistent with the physician's own

medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The conclusory nature of the opinion would justify the law judge

in discounting it.  Moreover, the law judge expressly considered the form and

found that the opinion was not supported by the evidence.  In this connection,

the law judge explained (Tr. 20):

> The undersigned has considered [Dr. Rog's]
> opinion, but finds that it is not supported by Dr.
> Rog's contemporaneous treatment records, which do
> not document a significant level of treatment for
> neck and back pain and which have significant gaps
> (approx. 6 months between visits) in treatment dates.
> It appears that Dr. Rog's assessment was based
> solely on the claimant's subjective complaints and
> self reported limitations, rather than his clinical
> findings and independent evaluation of the
> claimant's impairments.  As her statements are
> found to be less than credible, his written assessment
> wholly accepting her statements is not a valid
> reflection of her maximum residual functional
> capacity.[3]

Furthermore, the validity of Dr. Rog's opinion is also undermined

by the fact that his restriction on sitting is even greater than the plaintiff

---

[3]It is appropriate to note that many of the records of the plaintiff's visits to Dr. Rog's office appear to have been made by an ARNP, not a medical doctor (see, e.g., Tr. 277-84).

claims.  Thus, Dr. Rog opined that the plaintiff could only sit for fifteen minutes at a time (Tr. 234), while the plaintiff testified that she could sit for "[a]bout 30 minutes, maybe less" (Tr. 380).  Furthermore, if the plaintiff were as disabled as Dr. Rog opined, it is hard to understand why he would not have referred the plaintiff to a specialist in orthopedics, neurology, and/or pain management.

Consequently, the law judge could reasonably discount Dr. Rog's opinions concerning the plaintiff's functional limitations.

The plaintiff also seeks to find support from the opinions of a chiropractor, Stephen E. Sligh.  Sligh has indicated on a form that the plaintiff is essentially disabled (Tr. 201-02), although he has also given her merely a 5% impairment rating of the whole person (Tr. 156).  The law judge set forth a lengthy explanation for giving Sligh's assessment very little weight (Tr. 20).

In the first place, Sligh, as a chiropractor, is not considered an acceptable medical source under the regulations (id.).  See 20 C.F.R. 404.1513(a).  Accordingly, his opinions may be given less weight.  Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160 (11th Cir. 2004).

Moreover, the law judge concluded that Sligh's opinions were unsupported (Tr. 20). In this respect, the law judge discussed the medical findings in detail and stated that "[t]hese findings from acceptable medical sources are inconsistent with the conclusions of Dr. Sligh" (id.).

For these reasons, the law judge could properly give very little weight to Sligh's assessment.

In sum, the law judge reasonably evaluated the various medical assessments. He did not give excessive weight to the opinions of non-examining reviewing doctors. And he gave reasonable explanations for his treatment of the opinions from physicians and the chiropractor. The plaintiff has failed to show that, under the substantial evidence test, which is a highly deferential standard, the medical evidence compels contrary conclusions. See Adefemi v. Ashcroft, supra.

D. The plaintiff's fourth contention is that the law judge failed to give proper weight to the functional limitations set forth by Sligh, the plaintiff's chiropractor (Doc. 15, pp. 11-13). For the reasons just stated, that argument lacks merit.

E.   The plaintiff asserts, fifth, that the law judge erred in substituting his opinion for those of medical experts (id., pp. 13-16). This argument ignores, or overlooks, the law judge's responsibility in deciding disability claims. Under the regulations, law judges are assigned the duty to evaluate opinion evidence. 20 C.F.R. 404.1520. That is what the law judge did in this case. Consequently, he cannot be faulted for carrying out his duty.[4]

F. The plaintiff argues, sixth, that the law judge erred in failing to find that she met, or equaled, the requirements of Listing 1.04 in Appendix 1 of the Social Security regulations (Doc. 15, pp. 16-17), which pertains to disorders of the spine. See 20 C.F.R. Part 404, Subpart P, App. 1, Listing 1.04. The law judge indicated in his decision that he considered whether the plaintiff met, or equaled, the criteria of that listing (Tr. 15). He concluded that the criteria were not satisfied (id.). The plaintiff failed to show that the evidence compels a contrary conclusion.

The conditions set forth in Appendix 1 constitute very severe impairments so that, if the plaintiff does meet, or equal, a listing in Appendix

---

[4]It is noted that the plaintiff asserts that the law judge improperly rendered a medical opinion when he stated that a disc "seemed dramatically improved" (Doc. 15, p. 15). As the Commissioner points out, this comment was simply an iteration of a statement in a medical report (Tr. 144).

1, she would be deemed disabled without consideration of any vocational factors. See 20 C.F.R. 404.1520(d). The plaintiff bears the burden of showing that she meets, or equals, a listing. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that [s]he has an impairment meeting the listed impairments entitling h[er] to an adjudication of disability under regulation 404.1520(d), [s]he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative [s]he contends that [s]he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986); see also Wilson v. Barnhart, supra, 284 F.3d at 1224.

As pertinent here, Listing 1.04 provides (20 C.F.R. Part 404, Subpart P, App. 1):

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root ... or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of

> pain, limitation of motion of the spine, motor loss
> (atrophy with associated muscle weakness or
> muscle weakness) accompanied by sensory or reflex
> loss....

The law judge concluded that this listing was not met, or equaled,
since "the evidence does not establish that the claimant consistently suffers
from motor weakness with atrophy, as well as sensory or reflex loss" (Tr. 15).
The law judge acknowledged that Dr. Ayala's report documented significant
motor or sensory loss, but he discounted those findings because they "are not
consistent with the remaining evidence of record" (id.).   As previously
discussed, the law judge reasonably and adequately explained that he was
discounting Dr. Ayala's findings based upon his determination that, during Dr.
Ayala's examination, the plaintiff was not exerting maximal effort and was
exaggerating her symptoms (see Tr. 19, 20).

With Dr. Ayala's findings discounted, the evidence does not
establish that the plaintiff meets, or equals, listing 1.04. The plaintiff cannot
make the required showing by simply making a general statement that she has
"disc herniations, disc bulging, residual disc ... numbness, muscle tenderness,
diminished sensation, radiculopathy, decreased range of motion, and decrease
in strength" (Doc. 15, p. 17).  See Bell v. Bowen, supra; Wilson v. Barnhart,

supra. This assertion does not compel a determination that the law judge erred when he found that the plaintiff did not meet, or equal, listing 1.04.

G. The plaintiff's seventh argument is that the law judge erred in not considering the combined effect of her impairments (Doc. 15, pp. 17-18). Under the regulations, the law judge was required to consider the combined effect of all impairments in determining whether the plaintiff was disabled. 20 C.F.R. 404.1523. The law judge clearly recognized that he had to consider the combined effects of the plaintiff's impairments (Tr. 13). In this case, however, the law judge found that the plaintiff's only severe impairment was degenerative disc disease (Tr. 14).

The plaintiff argues that the law judge had to consider the combined effects of that impairment and her depression (Doc. 15, p. 18). However, the law judge found that the plaintiff's depression was a nonsevere impairment, which means that it did not have more than a minimal effect on her ability to work (Tr. 14). In particular, he found that the plaintiff had only mild limitations on her activities of daily living, on maintaining social functioning, and on maintaining concentration, persistence, or pace (Tr. 15). In other words, the plaintiff did not suffer any significant functional limitations

-23-

from her depression.  Accordingly, there were no effects from her depression to combine with her degenerative disc disease.

H.  The plaintiff's eighth, and final, contention is that the law judge's finding that the plaintiff could perform light work with a sit/stand option is not supported by substantial evidence (Doc. 15, pp. 19-21).  This argument is predicated upon the plaintiff's testimony and reports from Drs. Ayala and Rog, and chiropractor Sligh (id., pp. 19-20).  The law judge, however, discounted this evidence and, as previously discussed, provided adequate reasons for doing so.  Since the predicate for this argument has been rejected, the argument fails.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and contains no reversible error.  I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 17, 2008

-24-

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).